# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Vasko,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Carla Hacker-Agnew, et al.,<br><br>　　　　　Respondents. | No. CV-17-08001-PCT-DJH<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Respondents' Motion to Stay this matter pending the exhaustion of Petitioner's claims in the Arizona Court of Appeals. (Doc. 9.) Petitioner also filed a Motion with an agreement to stay this matter. (Doc. 12.) As set forth below, the Court recommends that the Motions to Stay be granted.

## I. Background

Petitioner was convicted by a jury in Navajo County Superior Court (CR 20090863) of conspiracy to manufacture a dangerous drug, possession of equipment and/or chemicals for the purpose of manufacturing a dangerous drug, and manufacture of a dangerous drug. Petitioner was sentenced to a 12-year term of imprisonment. Petitioner's direct appeal was denied by the Arizona Court of Appeals. *See State v. Vasko*, No. 1 CACR 10-0556, 2012 WL 385625, at *1 (Ariz. Ct. App. Feb. 7, 2012). Petitioner filed a petition for post-conviction relief, which was denied. (Docs. 1 at 4, 1-3

at 64.)[1] On March 17, 2016, Petitioner filed a petition for review in the Arizona Court of Appeals concerning the trial court's dismissal of his first of-right post-conviction relief proceeding in Navajo County Superior Court cause matter CR 2009-0863. (Doc. 9-1, Ex. A, at 4.)

## II. Petition

On January 9, 2017, Petitioner, who is confined in an Arizona State Prison, filed a *pro se* Petition for Habeas Corpus. (Doc. 1.) As the Court noted:

> Petitioner raises four grounds for relief. In Ground One, Petitioner asserts the violation of his First Amendment free speech rights. In Ground Two, Petitioner asserts violation of his Fourth Amendment rights against unreasonable searches and seizures. In Ground Three, he alleges that (a) his Fifth and Fourteenth Amendment right to due process was violated and (b) that his Sixth Amendment right to confront witnesses against him was violated.[2] In Ground Four, Petitioner alleges that he received ineffective assistance of counsel at every stage of his trial.

(Doc. 6.)

## III. Discussion

On April 14, 2017, Respondents filed a Motion requesting the Court stay this matter until Petitioner concludes his appeal from the denial of post-conviction relief, which is pending before the Arizona Court of Appeals. (Doc. 9.) On May 22, 2017, Petitioner filed a Motion for Stay and stated "Petitioner agrees to a stay on his pending petition before the District Court." (Doc. 12 at 1.)

The Supreme Court has instructed that a "stay and abeyance should be available only in limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Under *Rhines*, a district court has limited discretion to hold in abeyance a habeas petition containing both exhausted and

---

[1] *See* Doc. 6.

[2] Petitioner appears to assert two different grounds labeled "Count Three," Doc. 1 at 28, and "Ground Three," Doc. 1 at 35. It therefore appears that Petitioner actually asserts five grounds for relief in total.

unexhausted claims (a mixed petition) to allow a petitioner to exhaust his claims while the federal proceedings are stayed. *Rhines*, 544 U.S. at 277. The stay and abeyance procedure is appropriate when: (1) there is good cause for petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner has engaged in intentionally dilatory litigation tactics. *Id.* at 277-278. *See also Mena v. Long*, 813 F.3d 907, 911-12 (9th Cir. 2016) (holding a court may stay a fully unexhausted habeas petition under "the circumstances set forth in *Rhines*").

In his habeas Petition at Ground Four, Petitioner directs the Court to review allegations of ineffective assistance of counsel contained in the PCR briefing. (Doc. 1 at 47.) Petitioner argues that everything in the PCR petition is "true." (Doc. 1-3, Ex. 32, at 84.) The Court has reviewed the habeas Petition and the pending Petition for Review (currently before the Arizona Court of Appeals). Petitioner raises the same ineffective assistance claims regarding his counsel's conduct toward witnesses Cauthron, Damato, Shuttenhelm, Florence, and Patee. (*See* Doc. 9-1 at 4 (Petition for Review) and Doc. 1-3 at 64 (Exhibit 32 supporting Ground 4)). Respondents argue that "because Petitioner's petition for review to the Arizona Court of Appeals is still pending and concerns several claims raised in the pending habeas petition, he has not exhausted his state remedies." (Doc. 9 at 6.) Rather than request a dismissal of the Petition, Respondents instead request a stay until the review of Petitioner's claims is concluded.

Here, the record demonstrates that Petitioner is attempting to exhaust his claims, the unexhausted claims are potentially meritorious, and there is no indication that petitioner engaged in intentionally dilatory litigation tactics. Because it appears that Petitioner has filed a "mixed" Petition containing both exhausted and unexhausted claims, the parties agree to a stay in this matter to allow Petitioner to exhaust his unexhausted claims, and the Court finds a stay is appropriate under these circumstances, the Court will recommend that parties' Motions to Stay be granted. *Rhines*, 544 U.S. at 276 (approving stay and abeyance procedure to allow petitioner to exhaust claims in state

court). Respondents do not concede that Petitioner's claim has merit but note that the Arizona courts could potentially grant Petitioner relief, which would make this habeas corpus proceeding moot. (Doc. 9 at 3.) Upon consideration of the *Rhines* factors, and both parties' agreement to the stay, the Court recommends that this matter be stayed while Petitioner exhausts his claims in state court.

Accordingly,

**IT IS RECOMMENDED** that Respondents' Motion to Stay (Doc. 9) and Petitioner's Motion (Doc. 12) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that, if the district judge adopts the Report and Recommendation, no later than 30 days after the date of service of the District Judge's order adopting this Report and Recommendation, Petitioner must inform the Court of the status of his proceeding in state court. Petitioner must diligently pursue his state remedies. Every 90 days after the filing of the initial status report, Petitioner must file a report regarding the status of the state court proceedings and must file a notice within thirty days after the state court review is completed. Deadlines regarding the Answer will be set after the stay is lifted.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Rules of Federal Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a

party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 6th day of June, 2017.

Honorable John Z. Boyle
United States Magistrate Judge