## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Vasko, | No. CV-17-08001-PCT-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Carla Hacker-Agnew, et al., | |
| Respondents. | |

Pending before the Court is *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) to which Respondents have filed a Response (Doc. 22) and Petitioner filed a Reply (Doc. 25). Following a sound analysis, Magistrate Judge John Z. Boyle recommended the Petition be denied and the claims therein be dismissed with prejudice. (Doc. 26). Petitioner filed an Objection (Doc. 27) to which Respondents did not respond. Petitioner subsequently filed two documents, both titled "Reconsideration (Supplemental)" (Docs. 28 & 29). [1]

### I. The R&R

Judge Boyle's Report and Recommendation ("R&R") accurately identifies the grounds (all of which contained numerous sub-grounds) that Petitioner advances in his Petition: (1) violations of his First Amendment free speech rights; (2) violations of his Fourth Amendment rights against unreasonable searches and seizures; (3) violations of his

---

[1] The Court finds that to the extent Petitioner's supplemental filings can be construed as Supplemental Objections to the R&R, they are untimely. The Court has, however, reviewed the contents of these filings, some of which was already in the record before the Magistrate Judge, and finds their contents do not alter the conclusions herein.

Fifth and Fourteenth Amendment right to due process; (4) violations of his Sixth Amendment right to confront and cross-examine witnesses at trial; and (5) violation of right to effective counsel at every stage of his trial. (Doc. 26 at 5). After a thorough and detailed analysis, Magistrate Judge Boyle found that Petitioner's claims were unexhausted but procedurally defaulted, barred, or failed on the merits. Magistrate Judge Boyle found that Petitioner was not entitled to habeas corpus relief, and recommends denial of his Petition and dismissal with prejudice. The Magistrate Judge further recommends denial of a Certificate of Appealability because "dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable." (Doc. 26 at 23). The parties were advised by the Magistrate Judge that they had "fourteen (14) days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court." (*Id.* at 24) (*citing* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b), and 72).

## II. Petitioner's Objection

In his Objection, Petitioner asserts that he is entitled to "the whole true audible recording" of his trial so that he can prove that "Navajo County…falsified and altered the trial transcripts severely by 50% or more." (Doc. 27 at 3). Petitioner generally states that the R&R contains "misleading facts and lies and perjury on some statements (a lot of statements)" that the "audible recording" of his trial would bring to light. (*Id.*) Petitioner argues that if the recording is not produced, his case should be dismissed with prejudice. (*Id.*)

## III. Standard of Review

This Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which" a Petitioner objects. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (same). Further, this Court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). At the same time, however, the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all. . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1989); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005) ("Of course, *de novo* review of a R&R is only required when an objection is made to the R&R"). Likewise, it is well-settled that "'failure to object to a magistrate judge's factual findings waives the right to challenge those findings[.]'" *Bastidas v. Chappell*, 791 F.3d 1155, 1159 (9th Cir. 2015) (quoting *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (internal quotation marks omitted) (footnote omitted)).

Similarly, Rule 72(b)(2) requires "*specific* written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(2) (emphasis added). "Although the Ninth Circuit has not yet ruled on the matter, other circuits and district courts within the Ninth Circuit have held when a petitioner raises a general objection to an R & R, rather than specific objections, the Court is relieved of any obligation to review it." *Martin v. Ryan*, 2014 WL 5432133, at *2 (D. Ariz. 2014) (*citing Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'")); *Gutierrez v. Flannican*, 2006 WL 2816599 (D. Ariz. 2006) (*citing Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). *See also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (finding that "a party must object to [a] finding or recommendation. . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection" and citing cases standing for same proposition from the Third, Sixth, Seventh, and Tenth Circuits).

## IV. Analysis

Although Petitioner does not specifically identify the factual or legal findings in the R&R with which he takes issue, the Court liberally construes Petitioner's contention that he is entitled to the audio transcript of his trial proceedings as an objection to Judge Boyle's recommended dismissal of Ground One's sub-claim that his trial transcripts were altered.

(*See* Doc. 26 at 10-11).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), to which this case applies, this Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). When conducting its analysis, this Court must review the "last reasoned state court opinion." *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). When the state's highest court denies the claim summarily, the federal court looks through to the last reasoned decision. *See Johnson v. Williams (Tara)*, 568 U.S. 289, 297 n.1 (2013).

As the R&R identified, Petitioner argued to the state courts that his trial transcripts were so egregiously altered that they prevented Defendant from obtaining any effective relief from conviction. He made similar arguments of transcript alteration in his Petition, and in his Objection argues that he should receive a complete audio transcript as a result of the egregious alterations of the written transcripts. As noted in the R&R, when Petitioner made this claim to the state trial court, the court concluded that "Defendant did not present any testimony or evidence to support his claim that the trial transcripts 'were altered so egregiously' as to prevent Defendant from obtaining any relief from conviction." (Doc. 22-10 at 76, Ex. NNN). Accordingly, the court found that Petitioner had abandoned his claim under Arizona law. (*Id.*) On appeal, the Petitioner argued that the trial court erred in concluding he had abandoned this claim. *State v. Vasko*, 2017 WL 2806701, *2 (Ariz. Ct. App. 2017). The Arizona Court of Appeals disagreed with Petitioner, noting that the trial court had

> reasoned that Vasko had abandoned the claims because he did not present relevant evidence during the evidentiary hearing. Vasko counters that he "included portions of the record in his Rule 32 petition" in support of those claims that were "not challenged by the state." But the purpose of an evidentiary hearing is to provide Vasko the opportunity to prove his claims

> by a preponderance of the evidence. *See* Ariz. R. Crim. P. 32.8(c). Vasko made no effort to do so. And, notably, Vasko did not address the claims in his post-hearing memorandum. We find no error in the court's determination that Vasko abandoned these claims.

*Id.* Magistrate Judge Boyle correctly noted that Petitioner entirely failed to address these findings by the appeals court in his Petition, must less argue that the finding that he had abandoned this claim was contrary to clearly established federal law. (Doc. 26 at 11). He held the claim was without merit because even though Petitioner has copies of the trial transcripts,[2] his Petition does not specify how the transcript was altered or how he was prejudiced by the alleged alterations. In his Objection, Petitioner argues that the complete audio transcript would show these alterations. But Petitioner had the opportunity to substantiate his claim in the state court and was not diligent in doing so. In habeas proceedings, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Furthermore, where the petitioner has "failed to develop the factual basis of a claim in State court proceedings, the court shall *not* hold an evidentiary hearing on the claim unless the applicant" can at least show the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence." *See* 28 U.S.C. 2254(e)(2)(A)(ii) (emphasis added); *Holland v. Jackson*, 542 U.S. 649, 652–53 (2004) (per curiam) (holding that new evidence can be considered so long as the petitioner "was not at fault in failing to develop that evidence in state court"). The record does not show Petitioner's diligence in pursuing this claim. To the contrary, the state court found that Petitioner had abandoned his claim that the trial transcript had been altered because Petitioner had not substantiated those claims with any evidence during the evidentiary hearing. The court, in offering Petitioner an evidentiary hearing on his claims, clearly provided him opportunity to present and support his claims of transcript alteration. The appellate court held the trial court did not err in its finding. Absent a showing that these

---

[2] Copies of the trial transcripts are attached as exhibits to the Respondent's Response. (Doc. 22, Exs. GG-JJ).

holdings ran contrary to clearly established federal law, which Petitioner does not make, it is not the place for a federal habeas court to overturn them. The Court therefore overrules Petitioner's objection.

With regards to the Petition's remaining grounds for relief, Petitioner has not triggered *de novo* review because, as is readily apparent, his objections lack the requisite specificity. Petitioner's general objection that the R&R contains "misleading facts and lies and perjury on some statements" does not provide this Court for any meaningful basis for review because Petitioner has not articulated which statements in the R&R he is referring to, or why he objects to these findings and conclusions. Further, where, as here, Petitioner's objections fail to identify a flaw in the R&R's analysis, they have the same effect as would a complete failure to object. Indeed, if this Court were to undertake *de novo* review of Petitioner's general objections, it would defeat the "obvious purpose" of the specific objection requirement, which "is judicial economy—to permit magistrate judges to hear and resolve matters not objectionable to the parties." *Warling*, 2013 WL 5276367, at *2 (*citing Thomas*, 474 U.S. at 149; *Reyna–Tapia*, 328 F.3d at 1121). "Because de novo review of an entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" *See id.* (*citing Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991); *Haley v. Stewart*, 2006 WL 1980649, at *2 (D. Ariz. 2006)). In light of the foregoing, the Court has no obligation to review Petitioner's general objections to the R&R. *See id.* at *2 (*citing Thomas*, 474 U.S. 149).

Although the Court could simply accept the R&R based upon this case law, it did not. The Court reviewed the R&R, the various exhibits referenced therein, and the applicable law. After so doing, the Court is left with the firm conviction that Magistrate Judge Boyle's recommendations are well taken and are supported by a correct application of the law throughout.

Accordingly, **IT IS ORDERED** that Magistrate Judge Boyle's Report and Recommendation (Doc. 26) is **ACCEPTED** and **ADOPTED** as the Order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant

to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petitioner is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

Dated this 18th day of November, 2019.

Honorable Diane J. Humetewa
United States District Judge